Alejandro **MARTINEZ**,
Plaintiff–Appellee,

v.

**THE PORT AUTHORITY OF NEW YORK AND NEW JERSEY, Paul Nunziato, Shield # 865, and Patrick Callaghan, Shield # 816, Defendants–Appellants.**

**Docket No. 04–6636 CV.**

United States Court of Appeals, Second Circuit.

Argued: April 5, 2006.

Decided: April 13, 2006.

Michael L. Spiegel, New York, NY, for Plaintiff–Appellee.

Joan F. Bennett (Milton H. Pachter, Carlene V. McIntyre, Thomas M. Hoey, Jr., on the brief), New York, NY, for Defendants–Appellants.

Before: CABRANES, SOTOMAYOR, and RAGGI, Circuit Judges.

PER CURIAM.

Defendants-appellants, the Port Authority of New York and New Jersey ("Port Authority") and police officers Paul Nun-ziato and Patrick Callaghan, appeal the November 7, 2005 judgment of the United States District Court for the Southern District of New York (P. Kevin Castel, *Judge*) awarding plaintiff-appellee Alejandro Martinez $464,000 in damages on his false arrest and malicious prosecution claims, after plaintiff accepted a remittitur of the $1,104,000 in damages awarded by the jury. We assume the parties' familiarity with the underlying facts and procedural history, and set forth only those facts necessary to resolve the appeal.

Plaintiff brought the instant action claiming false arrest and malicious prosecution under 42 U.S.C. § 1983 and New York state law based on events arising out of his February 2000 arrest and subsequent prosecution before a New York state court on charges of public lewdness, for which he was acquitted. After a four-day trial before the District Court, the jury found the Port Authority and officers Nunziato and Callaghan liable, awarding plaintiff compensatory damages in the amount of $1,104,000: $1,000,000 in damages for emotional distress, mental anguish, and loss of liberty on the false arrest claim; $1,000 in therapy expenses on the false arrest claim; $100,000 in damages for emotional distress and mental anguish on the malicious prosecution claim; and $3,000 in legal fees on the malicious prosecution claim. In a thoughtful and comprehensive decision dated September 2, 2005, the District Court ordered a remittitur of the jury's $1,000,000 damages award for the false arrest claim, conditionally reducing the award to $360,000 ($200,000 for emotional distress and $160,000 for loss of liberty). The District Court upheld the remainder of the jury's verdict and the damages awarded, entering a final judgment awarding a total of $464,000 in compensatory damages to plaintiff, along with

a separate award of attorney's fees and costs totaling $301.167.26.

On appeal, defendants challenge the amount of the remittitur as insufficient, contending that the District Court should have reduced the aggregate award of compensatory damages to some unidentified lower sum. Specifically, defendants argue that (1) the remitted award for emotional distress and mental anguish on the false arrest claim was "disproportionate to the objective evidence of emotional injury" that was presented to the jury, see Defs.' Br. at 2, 15–18, 20, 22; (2) the District Court permitted plaintiff to recover "for the same emotional injury under both his false arrest and malicious prosecution causes of action," instructing the jury in a manner that risked the awarding of duplicative damages in violation of the principles enunciated in Bender v. City of New York, 78 F.3d 787, 793–94 (2d Cir.1996), see Defs.' Br. at 2, 29–30; and (3) "the court's breakdown of the [false arrest] award into [two] segments [for emotional distress and loss of liberty] distorted the comparisons that it made between this case and similar cases" when calculating the maximum amount of damages that would not be excessive under the circumstances presented, see id. at 2–3, 30–32.

██ Based on our assessment of the parties' submissions, the applicable case law, and the record on appeal, we conclude that defendants' claims are without merit. The District Court's remittitur of the damages awarded on plaintiff's false arrest claim from $1,000,000 to $360,000—combined with the Court's decision not to remit the $100,000 in damages on plaintiff's malicious prosecution claim—brought the damages awarded to plaintiff on both claims within, even if at the high end of, the broad range of awards authorized in similar, even if not wholly identical, cases. See Martinez v. Port Auth., 2005 WL 2143333, at *20–*21 (S.D.N.Y. Sept. 2, 2005) (collecting and comparing cases). Where, as here, the District Court has "use[d] the least intrusive standard for calculating a remittitur"—namely, "remit[ting] the jury's award only to the *maximum* amount that would be upheld by the district court as not excessive," Earl v. Bouchard Transp. Co., 917 F.2d 1320, 1330 (2d Cir.1990) (emphasis added)—our review on appeal is especially deferential. See id. at 1329 ("[A]n appellate court should be more willing to defer to a district court's remittitur the more the district court's standard for calculating the remittitur was faithful to the jury's apparent intent."); see also id. at 1330 n. 8 (same); Gasperini v. Ctr. for Humanities, Inc., 149 F.3d 137, 142 (2d Cir.1998) ("[T]he federal system places primary responsibility for conducting this [remittitur] analysis in the district court. We cannot set aside its fairly-reasoned decision merely because we might disagree with the outcome it reached, or because, if it were left to us, we might decide the matter differently.").

██ Applying this deferential standard of review, we conclude that defendants have failed to establish that the District Court, in conducting its remittitur analysis, reached clearly erroneous findings of fact, committed legal error, or otherwise abused its discretion. Defendants' contention, for example, that the District Court "did not take into account the totality and nature of plaintiff's injuries," Defs.' Br. at 29, is belied by the Court's own decision, which acknowledged that plaintiff had not been "subjected to physical assault," but concluded, in due deference to the jury's verdict, that plaintiff had nevertheless "experienced considerable anguish because of his arrest ... includ[ing] sleeplessness, loss of appetite, anxiety bouts, cessation of social, volunteer, and church activities,

ideations of suicide, and concerns about his immigration status," *Martinez*, 2005 WL 2143333, at *22. Nor did the District Court err in evaluating plaintiff's emotional distress and loss of liberty as separate components of his false arrest claim, inasmuch as we have held previously that such components are "separable" and thus separately compensable, *see Kerman v. City of New York*, 374 F.3d 93, 125–26 (2d Cir. 2004); *see also Gardner v. Federated Dep't Stores, Inc.*, 907 F.2d 1348, 1353 (2d Cir. 1990) (evaluating separately the plaintiff's damages for "past pain and suffering," which included "an atypical anxiety disorder," from the plaintiff's damages for "deprivation of liberty").

 Finally, in upholding separate damage awards for the emotional injuries that plaintiff sustained with respect to his false arrest and malicious prosecution claims, the District Court did not sanction the awarding of duplicative compensatory damage awards. As the District Court made clear in its remittitur order, plaintiff sustained emotional distress from his malicious prosecution claim—as manifested in his feelings of "desperat[ion]" while undergoing trial on a "highly stigmatizing charge" and his response to the "intimidating conduct" of officer Nunziato while plaintiff was en route to a court appearance, *Martinez*, 2005 WL 2143333, at *22—in a manner that was sufficiently distinct as to support a separate award of damages. *Cf. Bender*, 78 F.3d at 794 (indicating that "the omission of any instruction to avoid totally or partially overlapping awards" may be excused "where a plaintiff's claims allege entirely distinct injuries," but not where "the injuries from the various claims are substantially over-

lapping"). Although it would have been preferable had the District Court specifically instructed the jury to avoid duplicative damage awards in this case,[1] defendants have failed to establish "with any degree of certainty" that such double-counting actually or likely occurred in this particular case. *See Gentile v. County of Suffolk*, 926 F.2d 142, 154 (2d Cir.1991).

For the reasons stated above, we conclude that the District Court did not abuse its discretion in calculating the appropriate amount of damages to award plaintiff under the facts and circumstances of this case. Accordingly, the judgment of the District Court is hereby **AFFIRMED**.

---

1. Accordingly, we emphasize that in drafting "[a] proper verdict form and jury charge," district courts should "focus[] the jury's attention on the extent to which the injuries resulting from the various torts alleged [a]re separate, and the extent to which they [a]re not." *Bender*, 78 F.3d at 794; *see also id.* at n. 5 (providing sample jury instructions).